IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HABERSHAM PLANTATION CORPORATION, a Georgia corporation,<br><br>*Plaintiff,*<br><br>v.<br><br>G & J STYLES, INC., a North Carolina corporation, and HALO STYLES, LLC, a North Carolina limited liability company,<br><br>*Defendants.* | Civil Action No. 08 C 5892<br><br>Judge Conlon<br><br>Magistrate Judge Valdez<br><br><u>JURY DEMANDED</u> |

**FIRST AMENDED COMPLAINT**

Plaintiff HABERSHAM PLANTATION CORPORATION, by its attorneys, complain against Defendants G & J STYLES, INC. and HALO STYLES, LLC as follows:

**NATURE AND STATUTORY BASIS OF ACTION**

1. This is an action for copyright infringement under 17 U.S.C. § 101, et seq.

**THE PARTIES**

2. Plaintiff HABERSHAM PLANTATION CORPORATION is a Georgia corporation (hereinafter "HABERSHAM"), and is the exclusive owner of all right, title and interest in and to certain exclusive intellectual property (hereinafter the "Intellectual Property") including the copyrights described hereinafter. HABERSHAM has its principal place of business at 342 Collier Road, Toccoa, Georgia 30577. HABERSHAM has been in the business of designing and crafting fine furniture,

furnishings and home décor goods for well over thirty (30) years, and has established itself as one of the leading manufacturers and distributors of original fine furniture products throughout the United States.

3. On information and belief, Defendant G & J STYLES INC. is a North Carolina corporation, and Defendant HALO STYLES LLC is a North Carolina limited liability company. On information and belief, both Defendant G & J STYLES INC. and Defendant HALO STYLES LLC have their principal place of business at 3800 Comanche Road, Archdale, North Carolina 27263. Defendant G & J STYLES INC. and Defendant HALO STYLES shall be collectively referred to herein as "the G&J Defendants." On information and belief, the G&J Defendants have showcased, displayed, and/or offered their accused products for sale in several showrooms in the United States and over the Internet, including a showroom located within this judicial district, in the Merchandise Mart in Chicago, Illinois, in direct competition with HABERSHAM.

## JURISDICTION AND VENUE

4. Jurisdiction over Counts I and II of this Complaint is expressly conferred on this Court pursuant to 17 U.S.C. § 106 and 28 U.S.C. §§ 1331 and 1338(a) and (b).

5. On information and belief, the G&J Defendants are doing business in the State of Illinois, through their dealings with a showroom located in the Merchandise Mart in Chicago, Illinois. On information and belief, personal jurisdiction over the G&J Defendants is vested in this Court pursuant to one or more subsections of 735 ILCS 5/2-209(a)-(c), in that the G&J Defendants have, with respect to the present case, transacted business in the State of Illinois, engaged in tortious acts within Illinois, and/or have contacts with the State of Illinois, all commensurate with the United States and

Illinois Constitutions, so as to submit themselves to the jurisdiction and process of this Court.

6. Venue is proper in this Judicial District under 28 U.S.C. § 1391.

**HABERSHAM'S BUSINESS AND COPYRIGHTS**

7. HABERSHAM is a family business that has been manufacturing, distributing and selling high-quality, distinctive furniture and home décor goods for resale to the general public for approximately thirty-five (35) years.

8. HABERSHAM'S products have long been recognized for their fine craftsmanship, close attention to detail, and distinctive designs, establishing the HABERSHAM brand as one of the world's premier high-end, exclusive furniture brands.

9. HABERSHAM designs, develops and utilizes many original designs to ornament its furniture products, including two- and three-dimensional works of art, such as, for example, paintings, sculptures, carvings, reliefs, cutaways, and moldings.

10. HABERSHAM is the owner of the following federally registered copyright registrations, among its other copyright registrations and other Intellectual Property: United States Copyright Registration No. VA0001625419 for Ornamented Cabinet (Approach Road Cabinet); and United States Copyright Registration No. VA0001658320 for Ornamented Library (Monet "Louis XV" Bibliotheque Cabinet). A copy of the Registration Certificate for the Approach Road Cabinet is attached as Exhibit A1, and the deposit image sheets from the underlying copyright application are attached as Exhibit A2. A copy of the Registration Certificate for the Monet Bibliotheque

Cabinet is attached as Exhibit B1, and the deposit image sheets from the underlying copyright application are attached as Exhibit B2.

11. HABERSHAM is the owner of a pending copyright application for its original ornamental design for its Studio Bookcase. A copy of the copyright application for the Studio, including the deposit image sheets, is attached as Exhibit C.

12. HABERSHAM is the owner of numerous other pending copyright applications for original ornamental designs for furniture. In particular, HABERSHAM has pending copyright applications for its original, ornamental designs for its French Coffee Table (Ex. D), Georgian Library (Ex. E), Chantepie Library (Ex. F), Lancelot Sideboard (Ex. G), Lancelot Hutch (Ex. H), Elancourt Occasional Table (Ex. I), Demilune Table (Ex. J), Bloomsbury Kitchen Island (Ex. K), Chantepie Kitchen Island (Ex. L), Hatfield Occasional Table (Ex. M), Regency 3 Piece Home Entertainment Center (Ex. N), and Wyndam Bookcase (Ex. O). HABERSHAM'S copyright rights covered by these twelve (12) pending applications, together with those covered by the two registrations identified in ¶ 10 and the initial application identified in ¶11, are hereinafter collectively referred to as the "Asserted Ornamental Designs."

13. HABERSHAM is the owner of copyright rights, among other Intellectual Property, in its promotional materials. HABERSHAM has pending copyright applications for federal registration of several promotional images of its products, including promotional images incorporating three of the Asserted Ornamental Designs. In particular, HABERSHAM has pending copyright applications for promotional images of its Studio Bookcase (Ex. P), Bloomsbury Kitchen Island (Ex. Q), and Regency 3 Piece Home Entertainment Center (Ex. R). HABERSHAM'S copyright rights in these

three (3) promotional images are hereinafter collectively referred to as the "Asserted Images."

14. HABERSHAM'S furniture products incorporating its copyrighted designs are advertised both nationally and locally in its distributors' showrooms, magazine advertisements, point of purchase advertisements, printed catalogs, circulars, inserts, and other printed matter at international and national trade shows featuring furniture and home design, as well as on the World Wide Web under the domain names "habershamplantation.com" and "habershamdesigns.com". HABERSHAM is a participant in the High Point Market in High Point, North Carolina, along with, on information and belief, the G&J Defendants. Over the years, HABERSHAM has expended tens of millions of dollars to advertise and promote its furniture products and retail furniture store services.

## THE G&J DEFENDANTS' MISAPPROPRIATION OF HABERSHAM'S COPYRIGHTED DESIGNS

15. On information and belief, without the prior knowledge or authorization of HABERSHAM, the G&J Defendants have marketed, advertised, showcased, displayed, offered for sale and/or sold, in commerce, furniture items that infringe one or more of HABERSHAM'S Asserted Ornamental Designs, at least as follows:

    a) The G&J Defendants' Product Nos. CP50-AF (on information and belief), CP50-BLK, and CP50-IV (Group Ex. S) infringe the ornamental design of HABERSHAM'S Approach Road Cabinet (Exs. A1-A2);

    b) The G&J Defendants' Product Nos. CP17-IV, CP17-AF, CP17-CC, and CP17-BLK (on information and belief) (Group Ex. T) infringe the

ornamental design of HABERSHAM'S Monet "Louis XV" Bibliotheque Cabinet (Exs. B1-B2);

c)  The G&J Defendants' Product Nos. CP24-AF (on information and belief), CP24-BLK, and CP24-IV (Group Ex. U) infringe the ornamental design of HABERSHAM'S Studio Bookcase (Ex. C);

d)  The G&J Defendants' Product Nos. CP1-AF, CP1-BLK (on information and belief), CP1-CC, CP1-IV, DC7, and CF34 (Group Ex. V) infringe the ornamental design of HABERSHAM'S French Coffee Table (Ex. D);

e)  The G&J Defendants' Product Nos. CP2-AF, CP2-BLK (on information and belief), CP2-CC, and CP2-IV (Group Ex. W) infringe the ornamental design of HABERSHAM'S Georgian Library (Ex. E);

f)  The G&J Defendants' Product Nos. CP3-AF, CP3-BLK (on information and belief), CP3-CC, and CP3-IV (Group Ex. X) infringe the ornamental design of HABERSHAM'S Chantepie Library (Ex. F);

g)  The G&J Defendants' Product Nos. CP4-AF, CP4-BLK, CP4-CC, CP4-IV, DC9  (Group Ex. Y) infringe the ornamental design of HABERSHAM'S Lancelot Sideboard (Ex. G);

h)  The G&J Defendants' Product Nos. CP5-AF, CP5-BLK (on information and belief), CP5-CC, and CP5-IV (Group Ex. Z) infringe the ornamental design of HABERSHAM'S Lancelot Hutch (Ex. H);

i) The G&J Defendants' Product Nos. CP9-AF, CP9-BLK (on information and belief), CP9-CC, and CP9-IV (Group Ex. AA) infringe the ornamental design of HABERSHAM'S Elancourt Occasional Table (Ex. I);

j) The G&J Defendants' Product Nos. CP11-AF, CP11-BLK (on information and belief), CP11-CC, and CP11-IV (Group Ex. BB) infringe the ornamental design of HABERSHAM'S Demilune Table (Ex. J);

k) The G&J Defendants' Product Nos. CP13-BLK, CP13-IV, DC37 (Group Ex. CC) infringe the ornamental design of HABERSHAM'S Bloomsbury Kitchen Island (Ex. K);

l) The G&J Defendants' Product Nos. CP14-BLK (on information and belief), CP14-IV, and DC10 (Group Ex. DD) infringe the ornamental design of HABERSHAM'S Chantepie Kitchen Island (Ex. L);

m) The G&J Defendants' Product Nos. CP15-AF, CP15-BLK (on information and belief), CP15-CC, and CP15-IV (Group Ex. EE) infringe the ornamental design of HABERSHAM'S Hatfield Occasional Table (Ex. M);

n) The G&J Defendants' Product Nos. CP25-AF, CP25-BLK (on information and belief), CP25-CC, and CP25-IV (Group Ex. FF) infringe the ornamental design of HABERSHAM'S Regency 3 Piece Home Entertainment Center (Ex. N); and

o) The G&J Defendants' Product No. 442-W (Ex. GG) infringes the ornamental design of HABERSHAM'S Wyndam Bookcase (Ex. O).

The G&J Defendants' furniture products identified in subparts (a) through (o) above are hereinafter collectively referred to as the "Accused Products."

16. A comparison of the G&J Defendants' Accused Products and HABERSHAM'S Asserted Ornamental Designs shows that virtually every detail of ornamentation on the G&J Defendants' Accused Products has been substantially copied or derived from one or more of HABERSHAM'S Asserted Ornamental Designs.

17. On information and belief, the G&J Defendants have sold, offered for sale, displayed, and/or advertised at least one of the Accused Products in connection with their dealings with a showroom located in the Merchandise Mart in Chicago, Illinois. (Advertisement, Ex. HH.)

18. On information and belief, without the prior knowledge or authorization of HABERSHAM, the G&J Defendants have unlawfully copied and used, in commerce, HABERSHAM'S Asserted Images to enable and facilitate production of certain of the Accused Products (Def.'s Resp. to Int., Ex. II1; Def.'s Sec. Supp. Resp. to Doc. Req., Ex. II2), at least as follows:

    a) The G&J Defendants copied and infringed HABERSHAM'S Asserted Image of its Studio Bookcase (Ex. P), as evidenced by Exhibits JJ1 and JJ2;

    b) The G&J Defendants copied and infringed HABERSHAM'S Asserted Image of its Bloomsbury Kitchen Island (Ex. Q), as evidenced by Exhibit KK; and

      c)      The G&J Defendants copied and infringed HABERSHAM'S Asserted Image of its Regency 3 Piece Home Entertainment Center (Ex. R), as evidenced by Exhibit LL.

The G&J Defendants' documents identified in subparts (a) through (c) above are hereinafter collectively referred to as the "Accused Documents."

19.    A comparison of HABERSHAM'S Asserted Images and the G&J Defendants' Accused Documents show that the G&J Defendants rotely copied HABERSHAM'S Asserted Images. (*Compare* Exs. P to R *with* Exs. JJ1 to LL.) Moreover, comparison of HABERSHAM'S Asserted Images and the Accused Products identified in ¶¶ 14(h), (l) and (m) shows that virtually every detail of ornamentation on those Accused Products has been unlawfully copied or derived from one or more of HABERSHAM'S Asserted Images. (*Compare* Exs. P to R *with* Exs. U, CC and FF.)

**COUNT I**
**INFRINGEMENT OF PLANTIFF'S COPYRIGHTED ORNAMENTAL DESIGNS**
**UNDER 17 U.S.C. § 101**

Plaintiff HABERSHAM hereby adopts and reavers each of the allegations contained in Paragraphs 1 through 19 above, inclusive.

20.    HABERSHAM is the owner of all right, title and interest in and to its copyrighted ornamental designs for its furniture products, including HABERSHAM'S Asserted Ornamental Designs. HABERSHAM has obtained federal registration for its rights in the copyrighted ornamental design for its Approach Road Cabinet (Ex. A1) and its Monet "Louis XV" Bibliotheque Cabinet (Ex. B1). HABERSHAM has pending applications for federal registration of the copyrighted ornamental designs for its Studio Bookcase (Ex. C.), French Coffee Table (Ex. D), Georgian Library (Ex. E), Chantepie

9

Library (Ex. F), Lancelot Sideboard (Ex. G), Lancelot Hutch (Ex. H), Elancourt Occasional Table (Ex. I), Demilune Table (Ex. J), Bloomsbury Kitchen Island (Ex. K), Chantepie Kitchen Island (Ex. L), Hatfield Occasional Table (Ex. M), Regency 3 Piece Home Entertainment Center (Ex. N), and Wyndam Bookcase (Ex. O).

21. The G&J Defendants had access to each of HABERSHAM'S Asserted Ornamental Designs as soon as these designs were published by HABERSHAM through inclusion and/or display of the underlying products in advertisements, catalogs, showrooms, trade shows, on the Internet and/or in other promotional materials of HABERSHAM.

22. The G&J Defendants have copied or derived virtually every detail of ornamentation on the Accused Products from one or more of HABERSHAM'S Asserted Ornamental Designs.

23. In copying or deriving the ornamental designs for their Accused Products from HABERSHAM'S Asserted Ornamental Designs, the G&J Defendants have violated the copyright laws of the United States, under 17 U.S.C. § 101, et seq.

24. The G&J Defendants have willfully infringed upon HABERSHAM'S Asserted Ornamental Designs.

25. By reason and as a direct result of these acts of copyright infringement by the G&J Defendants, HABERSHAM has suffered great and irreparable damage, the full extent of which is currently unknown, while the G&J Defendants have been unjustly enriched at HABERSHAM'S substantial expense. HABERSHAM will continue to suffer great and irreparable damage unless the G&J Defendants are permanently enjoined by this Court.

## COUNT II
## INFRINGEMENT OF PLAINTIFF'S COPYRIGHTED IMAGES
## UNDER 17 U.S.C. § 101

Plaintiff HABERSHAM hereby adopts and reavers each of the allegations contained in Paragraphs 1 through 25 above, inclusive.

26. HABERSHAM is the owner of all right, title and interest in and to its copyrighted promotional images for its furniture products, including HABERSHAM'S Asserted Images. HABERSHAM has pending copyright applications for promotional images of its Studio Bookcase (Ex. P), Bloomsbury Kitchen Island (Ex. Q), and Regency 3 Piece Home Entertainment Center (Ex. R).

27. The G&J Defendants had access to HABERSHAM'S Asserted Images as soon as those images were published by HABERSHAM through inclusion and/or display in advertisements, catalogs, showrooms, trade shows, on the Internet and/or in other promotional materials of HABERSHAM.

28. The G&J Defendants have copied and used HABERSHAM'S Asserted Images to enable and facilitate production of certain of the Accused Products.

29. In copying and using HABERSHAM'S Asserted Images, the G&J Defendants have violated the copyright laws of the United States, under 17 U.S.C. § 101, et seq.

30. The G&J Defendants have willfully infringed upon HABERSHAM'S Asserted Images.

31. By reason and as a direct result of these acts of copyright infringement by the G&J Defendants, HABERSHAM has suffered great and irreparable damage, the full extent of which is currently unknown, while the G&J Defendants have been unjustly

enriched at HABERSHAM'S substantial expense. HABERSHAM will continue to suffer great and irreparable damage unless the G&J Defendants are enjoined by this Court.

## PRAYER FOR RELIEF

Plaintiff HABERSHAM prays for the following relief:

32. That this Court find that the G&J Defendants have unlawfully, and without authorization, used and infringed HABERSHAM'S Asserted Ornamental Designs and Asserted Images, all of which are owned by HABERSHAM;

33. That the G&J Defendants and their officers, agents, servants, employees, attorneys, and all other persons in active concert and/or participation with them who receive notice, be permanently enjoined and restrained from:

> (a) Using, selling, distributing, importing, trading and/or otherwise dealing in any product incorporating any of HABERSHAM'S original designs, and/or any parts thereof; and
>
> (b) Otherwise infringing HABERSHAM'S copyrights;

34. That the G&J Defendants be directed to file in Court, and to serve on HABERSHAM, within five (5) days after entry of the above injunction, a report in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunctive relief ordered by this Court;

35. That, pursuant to 17 U.S.C. § 503, the G&J Defendants be directed to deliver up to this Court for impounding during the pendency of this action, on such terms as the Court may deem reasonable, and/or for destruction or other reasonable disposition, as a part of a final judgment in favor of HABERSHAM, all copies claimed to have been made or used in violation of HABERSHAM'S exclusive rights, and of all

plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced;

36. That an accounting be held and judgment rendered for damages sustained by HABERSHAM, in the amount of HABERSHAM'S lost profits and/or all profits received by the G&J Defendants on account of the G & J Defendants' copyright infringement;

37. That this Court assess prejudgment interest against the G&J Defendants for the amount awarded to HABERSHAM; and

38. That this Court award reasonable attorney fees, taxable costs and such other and further relief to HABERSHAM as deemed just.

## JURY DEMAND

HABERSHAM requests a trial by jury as to all issues triable to a jury.

Respectfully submitted,

HABERSHAM PLANTATION CORPORATION

Dated: May 28, 2009         By:   /s/Richard D. Harris
                                  Richard D. Harris
                                  David W. Hannon
                                  GREENBERG TRAURIG, LLP
                                  77 West Wacker Drive, Suite 2500
                                  Chicago, Illinois  60601
                                  Telephone:  312-456-8400
                                  Facsimile:  312-456-8435

                                  Counsel for Plaintiffs HABERSHAM
                                  PLANTATION CORPORATION